*Cowart & Vocelle,* for plaintiff in error.

---

### 14461.  CROSBY *v.* TURNER.

LUKE, J.  1.  There is no merit in the motion to dismiss the bill of exceptions.

2.  Where the answer to a writ of certiorari is neither traversed nor excepted to, the judge of the superior court is bound to determine the cause as made by the answer. In the case here for review upon the petition for certiorari and the answer of the ordinary thereto, the court properly overruled and denied the certiorari.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JULY 10, 1923.

Certiorari; from Glynn superior court — Judge Highsmith. January 19, 1923.

From the petition for certiorari, the answer, and the record sent up in response to the writ, it appears that the defendant in certiorari applied to the ordinary for a year's support from the estate of her deceased husband, that the ordinary appointed three appraisers, and that they set apart a year's support to her; that more than nine months later the petitioner for certiorari, an heir at law of the decedent, made a motion in the court of ordinary to set aside the judgment, on the ground that it was void, because the law requires the appointment of five appraisers; the motion to set aside the judgment was denied by the ordinary, and this final judgment is complained of in the petition for certiorari. In the ordinary's answer to the certiorari it is said (repeating the reasons given in the judgment complained of) :  " The petition to set aside this judgment was filed  .  .  over nine months after the judgment was granted, which was too late a date on which to attack a judgment awarding the year's support.  129 *Ga.* 512. While the statute requires that five appraisers shall be appointed,

any three of whom may act, this is directory and not mandatory upon the court; and a substantial compliance with any requisition of the code or the laws amendatory thereof, especially upon the part of public officers, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by the enactment. 78 *Ga.* 174. The legal number of appraisers (three) acted in setting aside the support, and the omission in appointing two other appraisers would not be such a fatal defect as to authorize the setting aside of the judgment nine months after the award had been made."

The motion to dismiss the writ of error was upon the grounds: (1) that the petition for certiorari does not contain a sufficient assignment of error; and (2) that the bill of exceptions contains no prayer that the errors complained of may be reviewed and corrected, and there is no prayer for any relief because of the errors alleged (citing *Durrence* v. *Cowart,* 151 *Ga.* 793 (1)). The bill of exceptions asks that it be signed and certified, " in order that the errors therein set forth and alleged may be considered and corrected by the Court of Appeals."

*L. N. Carrington, R. W. Durden,* for plaintiff in error.
*Farr & Powell,* contra.